IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DARRELL E. FOGARTY,** | ) | CASE NO. 7:11CV00541 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| | ) | |
| **F.M.C. LEXINGTON,** | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Darrell E. Fogarty, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. In his submissions as a whole, Fogarty appears to complain that prison officials at the Federal Medical Center in Lexington, Kentucky (FMC Lexington) have violated his constitutional rights by failing to provide adequate medical care for problems he suffers as a result of chronic urine leakage. While the court sympathizes with Fogarty's condition and discomfort, the court finds that his current complaint fails to state any claim actionable under Bivens against the only defendant he has named. Accordingly, the court must dismiss Fogarty's action without prejudice for failure to state a claim.[1]

In Bivens, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331 to award monetary damages to persons who prove deprivation of constitutional rights through the conduct of federal officials. 403 U.S. at 392. An action under Bivens is almost identical to an action under 42 U.S.C. §1983, except that the former is maintained against

---

[1] A complaint filed by an inmate seeking "redress from a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

federal officials, while the latter is against state officials. See Carlson v. Green, 446 U.S. 14, 2425 (1980) (applying Bivens in prison context); Butz v. Economou, 438 U.S. 478, 504 (1978).

Fogarty submits a complaint form, designed for assisting inmates in setting forth claims under Bivens. He has failed to complete the form, however. On the line where he is to fill in the name(s) of the individual official(s) he wishes to sue as defendant(s), he states "see exhibits." The section where he is to fill in his claims is left entirely blank. The exhibits to which he apparently refers consist of copies of grievances he has filed about his medical condition and a rambling, hand-written statement about his condition and problems he has had with it while housed at FMC Lexington. He mentions numerous individual prison officials by name, but does not clearly state which of them he wishes to sue as a defendant or state facts concerning specific actions each of them has undertaken in violation of his rights. One page of these "exhibits" begins as follows: "Staff here at [FMC Lexington] are truly indifferent and neglectful." Based on this one definitive assertion of a claim, the court construed and docketed the complaint as naming FMC Lexington as the only defendant to the lawsuit.

As stated, the Bivens decision authorizes a civil action for violation of constitutional rights by individual, federal officials. Accordingly, neither FMC Lexington, a prison facility, nor its staff as a group qualifies as a proper defendant in such a lawsuit. While the court sometimes allows pro se litigants to amend a complaint if it appears to state a possible, viable claim, Fogarty has not attempted to state claims, as directed by the Bivens form provided to him. Rather, he expects that the defendants and the court will comb through his "exhibits" and decide who should be considered a defendant and which individual's actions he considers to be violations of his constitutional rights. Because it does not clearly state the parties or claims, Fogarty's submission does not comply with Rule 8 or Rule 10 of the Federal Rules of Civil Procedure.

2

Case 7:11-cv-00541-GEC-RSB   Document 5   Filed 11/23/11   Page 2 of 3   Pageid#: 27

Finally, the cause of action arose in Kentucky and the prison officials involved in the alleged violations are all employed in Kentucky, outside this court's jurisdiction. For all of these reasons, the court finds it appropriate to dismiss Fogarty's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will enter this day.

Fogarty is advised that if he wishes to pursue his claims, he must complete a proper civil rights complaint, stating the defendant officials that he wishes to sue, stating clearly the actions that each of them took in violation of his rights, and stating facts in support of each claim. Moreover, should he chose to formulate and file a proper complaint concerning the events described in his current submissions, he must do so in a court with jurisdiction over the cause of action and the defendants, in Kentucky.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of November, 2011.

          */s/ Glen E. Conrad*
          Chief United States District Judge